No. 25,713.

THE STATE OF KANSAS, ex rel. PAYNE H. RATNER, County Attorney of Labette County, *Plaintiff,* v. A. C. MANN, Sheriff of Labette County, *Defendant.*

SYLLABUS BY THE COURT.

MANDAMUS—*Conviction Under Liquor Law—Sentence Pronounced—Bond for Good Behavior Given—Appeal Bond Given—No Notice of Appeal Served— Commitment Properly Issued.* A writ of mandamus will issue to compel a sheriff to execute a commitment issued on a judgment convicting a person of a misdemeanor in violating the prohibitory liquor law, although the latter has given bond under section 62-1705 of the Revised Statutes for good behavior, and another bond under the same section in double the amount of fine and costs, and in the latter bond has stated that he intends to appeal to the supreme court, but has not served any notice of appeal nor done anything further toward taking an appeal, although two years have not elapsed since the judgment was rendered.

Original proceeding in mandamus. Opinion filed July 5, 1924. Motion to quash denied.

*Charles B. Griffith,* attorney-general, *Payne H. Ratner,* county attorney, and *Charles H. Cory,* deputy county attorney, for the plaintiff.

*E. L. Burton,* of Parsons, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus to compel the defendant, the sheriff of Labette county, to execute a commitment now in his hands, commanding him to confine George Brecheisen in the jail of that county for a period of four months and until a fine of $200 and costs are paid. The defendant has filed a motion to quash the alternative writ of mandamus.

The alternative writ shows that on February 16, 1923, George Brecheisen was found guilty of unlawfully having intoxicating liquor in his possession; that on April 10, 1923, he was by the district court of Labette county sentenced to be confined in the county jail of that county for a period of four months and to pay a fine of $200 and the costs of the action; that he was remanded to the custody of the sheriff for the enforcement of the sentence; that on April 10, 1923, on the application of Brecheisen, the court, acting under section 62-1705 of the Revised Statutes, fixed the amount of the good-behavior bond at $1,000, which Brecheisen gave; that he also entered into another bond in double the sum of the fine and costs, conditioned to pay them, in which bond he stated that he intended to appeal from the judgment of the district court to the supreme court; that the bonds have not been approved; that no stay of execution has been granted; that when the bonds were given Brecheisen was released from custody; that a commitment was issued on April 18, 1924; that no notice of appeal has been given; and that the defendant refuses to execute the commitment.

Brecheisen insists that he has two years from the date of his conviction in which to appeal, and that during that time he is, under the bonds given by him, permitted to remain at large, and that the sheriff cannot take him into custody under the order of commitment issued on April 18, 1924.

George Brecheisen cannot, without giving notice of appeal, stay execution of the judgment against him by giving the bonds mentioned, even after those bonds have been approved. Until the notice of appeal is given and the bonds are approved, he may be taken into custody and confined in jail in obedience to the judgment of the court, and execution can be levied on his property to pay the fine and costs, unless the court makes an order staying execution of the judgment for such a time as may be necessary for Brecheisen to perfect his appeal.

It follows that the motion to quash the alternative writ should be denied. It is so ordered.

Unless the sheriff shall file a sufficient answer within ten days, a peremptory writ of mandamus will issue.